UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL JOHN GUICE                                             CIVIL ACTION

VERSUS                                                         NO. 12-1621

ORLEANS PARISH PRISON, ET AL.                                  SECTION "H" (3)

## REPORT AND RECOMMENDATION

Plaintiff, Michael John Guice, filed this *pro se* and *in forma pauperis* civil action pursuant to 42 U.S.C. § 1983 against the Orleans Parish Prison, Sheriff Marlin Gusman, Dr. Higgins, Nurse Fields, Chief Bordelon, Deputy Burns, and Deputy Ellis. In this lawsuit, plaintiff complained about the conditions of his confinement within the Orleans Parish Prison system.

On September 28, 2012, the Court issued an order scheduling a preliminary conference in this matter for November 1, 2012.[1] On October 10, 2012, the notice of that conference sent to plaintiff at the Orleans Parish Prison, his address of record, was returned as undeliverable with a notation indicating that plaintiff was no longer incarcerated at the facility.[2] Because plaintiff's

---

[1] Rec. Doc. 16.

[2] Rec. Doc. 17. The envelope bore the handwritten notation "R/O," the notation commonly used by the prison to indicate that an inmate had "rolled out," i.e. left the facility.

whereabouts were unknown, the preliminary conference could not be held.[3] Subsequent mail sent by the Court to plaintiff at his address of record was likewise returned as undeliverable.[4]

This Court's Local Rules provide: "Each attorney and pro se litigant has a continuing obligation promptly to notify the court of any address or telephone number change." Local Rule 11.1. The Local Rules further provide:

> The failure of an attorney or pro se litigant to notify the court of a current e-mail or postal address may be considered cause for dismissal for failure to prosecute when a notice is returned to the court because of an incorrect address and no correction is made to the address for a period of 35 days from the return.

Local Rule 41.3.1. As noted, on October 10, 2012, mail from this Court addressed to plaintiff at his address of record was returned by the United States Postal Service as undeliverable. Additionally, plaintiff has not notified this Court of his current address, despite declaring in both his complaint and amended complaint: "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice."[5] Because plaintiff has failed to meet that obligation, the Court has no way to contact him or to advance his case on the docket.

In light of the foregoing, it is appropriate to dismiss plaintiff's complaint for want of prosecution. The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear. Link v. Wabash R.R., 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d

---

[3] Rec. Doc. 18.

[4] Rec. Doc. 19.

[5] Rec. Doc. 3, p. 6; Rec. Doc. 6, p. 6..

1126 (5th Cir. 1988). The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court and that such a dismissal is considered to be an adjudication on the merits. Fed.R.Civ.P. 41(b). The Court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. Ramsay v. Bailey, 531 F.2d 706, 707 (5th Cir. 1976).

Because plaintiff is proceeding *pro se*, the Court need only consider his conduct in determining whether dismissal is proper under Rule 41(b). As noted, mail sent to plaintiff has been returned as undeliverable, and he has failed to provide the Court with his current address despite being aware of his obligation to do so. Due solely to plaintiff's failure, his whereabouts are unknown, and this Court has no way to hold a preliminary conference in this matter or to otherwise advance his case on the docket. Therefore, the complaint should be dismissed for failure to prosecute.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** for failure to prosecute.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[6]

New Orleans, Louisiana, this fifteenth day of November, 2012.

                                      **DANIEL E. KNOWLES, III**
                                      **UNITED STATES MAGISTRATE JUDGE**

---

[6] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.